CONTINENTAL CASUALTY COMPANY, Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and Christopher M. Talbert, Respondents.

No. 63625.

Missouri Court of Appeals, Eastern District, Division Two.

Dec. 28, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 27, 1994.

Jeffrey L. Cramer, Donald L. James, St. Louis, for appellant.

Martin J. Buckley, Thomas C. Hullverson, St. Louis, Brian Howe, Sikeston, for respondents.

CRAHAN, Judge.

Continental Casualty Company ("Continental") appeals from summary judgments entered in favor of Christopher Talbert ("Talbert") and State Farm Mutual Automobile Insurance Company ("State Farm") on Continental's cross-claims seeking to deny coverage to Talbert's mother, who was killed when a truck she was driving was involved in an automobile accident in Pennsylvania. Talbert was a passenger in the truck, which was insured by Continental. The issues joined on appeal are whether the trial court erred in applying Missouri law in construing the omnibus clause of Continental's policy and whether, assuming Missouri law applies, the trial court properly applied the law in finding coverage.[1] We find it inappropriate to reach these issues because the record before us does not establish that the Continental policy construed by the trial court provided coverage for the vehicle involved in the accident. Thus, the record does not establish that Talbert and State Farm are entitled to judgment as a matter of law and we must reverse and remand for further proceedings.

The record before us is poorly organized and not helpful in resolving the appeal issues. The legal file filed by Continental contains a hodgepodge of materials including at least portions of two State Farm policies, one Continental policy and various deposition transcripts intermingled in a haphazard fashion. Portions of deposition transcripts are inserted in the middle of the various policies and pages of the various policies appear to have been intermingled as well.

In an effort to clarify the record, State Farm filed a supplemental legal file attaching complete copies of various exhibits to its motion for summary judgment which had been shuffled and jumbled together in the legal file filed by Continental. Included in this supplemental legal file is what State Farm represents is a complete and accurate copy of the Continental policy which was attached to its motion for summary judgment. We have carefully reviewed this policy as well as the shuffled and intermingled pages of the various State Farm and Continental policies contained in Continental's legal file. We cannot find any indication that any of the polices contained in the legal file or the supplemental legal file pertain to the vehicle involved in the accident at issue. In fact, we can find no endorsement indicating what vehicles are covered by the Continental policy set forth in the legal file and supplemental legal file.

With its reply brief, Continental filed a second supplemental legal file containing a different Continental policy which does purport to cover the vehicle in question.[2] Continental urges in its reply brief, apparently for the first time anywhere, that State Farm and Talbert attached the wrong policy to their motions for summary judgment. Continental maintains that the policy filed in its second supplemental legal file is, in fact, the applicable policy, a matter we can neither confirm nor refute on the basis of the record before us.

From the record before us, we can draw two conclusions: (1) the policy contained in Continental's second supplemental legal file, which at least on its face appears to be applicable to the vehicle involved in the accident, was never submitted to or considered by the trial court; and (2) the Continental policy which was before the trial court cannot support the judgment entered as a matter of law because it gives no indication that it provides coverage for the vehicle involved in the accident.

At oral argument before this court, counsel for Continental suggested that we simply substitute the "correct" policy and determine the choice of law issues presented as if this policy had been before the trial court. We

---

1. Continental urges that Wisconsin law should be applied in construing its policy issued in Wisconsin to a Wisconsin corporation and that, under Wisconsin law, there is no coverage, contentions we do not reach in light of our disposition.

2. Continental asserts that this policy was attached to a request for admissions directed to Continental. Whether Continental ever admitted that this was the applicable policy is not established by the record.

must reluctantly decline this invitation. The policies are different. The policy before the trial court contained Missouri endorsements, a fact both State Farm and Talbert asserted in the trial court and in this court was a significant factor justifying the application of Missouri law. The allegedly "correct" policy contains no Missouri endorsements. Although we express no opinion on whether the existence of Missouri endorsements should be considered significant in determining the choice of law issue, we cannot say on this record that the existence of Missouri endorsements played no role in the trial court's determination that Missouri law should be applied. Under such circumstances, it would not be appropriate for this court to review the merits of the trial court's determination based on a policy it never had a chance to consider.

It is well established, of course, that this court cannot consider matters outside the record presented to the trial court on summary judgment and will not consider contentions advanced for the first time in a reply brief. Nevertheless, under the hopefully unique circumstances presented in this appeal, the fact remains that the record before the trial court does not support the judgment entered even if the reply brief and second supplemental legal file are disregarded entirely. Accordingly, we reverse the judgment in favor of State Farm and Talbert and remand for further proceedings consistent with this opinion. Costs are assessed against Continental.

CRANE, P.J., and KAROHL, J., concur.